**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

|  |  |  |
|---|---|---|
| ALEXANDER W. DERING, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:06-CV-00357-RWS |
| | : | |
| SERVICE EXPERTS | : | |
| ALLIANCE LLC, and | : | |
| SERVICE EXPERTS INC., | : | |
| | : | |
| Defendants. | : | |

_____

|  |  |  |
|---|---|---|
| ANDY LEWIS HEATING & | : | |
| AIR CONDITIONING, LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:06-CV-00358-RWS |
| | : | |
| PEACHTREE SERVICE | : | |
| EXPERTS, LLC, SERVICE | : | |
| EXPERTS ALLIANCE, LLC, | : | |
| and SERVICE EXPERTS INC., | : | |
| | : | |
| Defendants. | : | |

**ORDER**

These cases come before the Court on Defendants' Motion for Judgment as a Matter of Law, New Trial, or Remittitur [Dkt. No. 259] in Civil Action No. 06-CV-0357-RWS and for Defendants' Motion for Judgment as a Matter of Law, New Trial, or Remittitur [Dkt. No. 241] in Civil Action No. 06-CV-358-RWS. After considering the entire record in both cases, the Court enters the following Order.

## Background

The trials of these two cases were consolidated and conducted during the month of October 2008. During the trial, Plaintiff's expert Mr. John Houser testified on the subject of damages. At the conclusion of the trial, the jury found that Plaintiff Alexander Dering (hereinafter "Dering") was entitled to breach of contract damages and that Plaintiff Andy Lewis Heating & Air Conditioning, LLC (hereinafter "Andy Lewis, LLC") was entitled to damages for violation of the Lanham Act and damages for unfair competition under state law. The jury's verdict included separate damage awards for each of Plaintiffs' causes of action:

- $1,752,621 for breach of contract;

- $2,900,000 for actual damages pursuant to the Lanham Act;

- $1,852,309 for Defendants' profits pursuant to the Lanham Act;

- $2,900,000 for unfair competition; and

- $3,570,000 in punitive damages.

Now Defendants Service Experts Alliance, LLC, Service Experts, Inc., and Peachtree Service Experts, LLC have moved in both cases for a new trial on damages, for judgment as a matter of law with regard to the jury's finding of specific intent to harm, or for remittitur of damages.

## Analysis

### I. Motion for Judgment as a Matter of Law or for New Trial

Under Fed. R. Civ. P. 50 ,

> If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

FED. R. CIV. P. 50 (a)(1).  If such a motion is made prior to the submission of the case to the jury but is denied by the Court, as occurred here, the moving party may renew the motion within ten days after entry of the judgment.  FED.

R. CIV. P. 50 (b).  Judgment should be entered in favor of the movant only if,

drawing all factual inferences and resolving all credibility determinations in

favor of the nonmoving party, reasonable jurors could not have arrived at a

contrary verdict.  Munoz v. Oceanside Resorts, Inc., 223 F.3d 1340, 1344-45

(11th Cir. 2000).

A litigant renewing a motion for judgment as a matter of law may join in

its request a motion for a new trial under Federal Rule of Civil Procedure 59.

While the considerations governing the resolution of such a motion are

analogous to those that dictate the disposition of a motion for judgment as a

matter of law, the showing a moving party must make to obtain a new trial is

less arduous than that required in the context of Rule 50: specifically, unlike a

motion for judgment as a matter of law, the trial judge is free to independently

weigh the evidence when deciding a motion for new trial.  Williams v. City of

Valdosta, 689 F.2d 964, 973 (11 th Cir. 1982).  In doing so, the trial court is to

view not only that evidence favoring the jury verdict but also the evidence in

favor of the party seeking a new trial.  Id.  Indeed, a trial judge may grant a new

trial for reasons which would not support judgment as a matter of law.  O'Neil

v. W.R. Grace and Co., 410 F.2d 908, 913 (5th Cir. 1969).

4

AO 72A
(Rev.8/82)

A judge should grant a motion for a new trial when "the verdict is against the clear weight of the evidence or will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." Lipphardt v. Durango Steakhouse of Brandon, Inc., 267 F.3d 1183, 1186 (11th Cir. 2001). Rule 59(a) allows for a new trial "on all or part of the issues." FED. R. CIV. P. 59(a).

However, a motion brought pursuant to Rule 59 may not "relitigate old matters, raise arguments or present evidence that could have been raised prior to the entry of judgment." Linet, Inc. v. Village of Wellington, 408 F.3d 757, 763 (11th Cir. 2005) (stating that motion to amend or alter judgment was essentially a motion to reconsider the district court's prior summary judgment order and should be examined under similar standard).

Here, Defendants move for a new trial on damages or for judgment as a matter of law on the jury's finding of specific intent. "Where the quantum of damages found by the jury [is] clearly within 'the maximum limit of a reasonable range,'" a defendant is not entitled to a new trial. Carter v. DecisionOne Corp., 122 F.3d 997, 1004 (11th Cir. 1997). "A new trial should be ordered only where the verdict is so excessive as to shock the conscience of

the court." <u>Goldstein v. Manhattan Indus., Inc.</u>, 758 F.2d 1435, 1447 (11th Cir. 1985). A damages verdict must be sustained if it is "clearly within the universe of possible awards which are supported by the evidence." <u>Narcisse v. Illinois Cent. Gulf R. Co.</u>, 620 F.2d 544, 547 (5th Cir. 1980).

The law assumes that the jury has followed its instructions, unless evidence is presented to the contrary. <u>Shannon v. United States</u>, 512 U.S. 573, 585 (1994). And if the damages merely exceed the evidence presented, remittitur is the more appropriate action. <u>See generally</u> <u>Rodriguez v. Farm Stores Grocery, Inc.</u>, 518 F.3d 1259 (11th Cir. 2008) (explaining when remittitur is appropriate, as opposed to conducting a new trial on damages).

Breach of Contract Damages

Breach of contract damages are limited to the jury's determination of the amount that will put the victim in the same position as if the breach had never occurred. <u>Greiner v. The Branigar Org.</u>, 268 Ga. 389, 390, 489 S.E.2d 305 (1997), <u>overruled on other grounds</u>, <u>Lee v. Green Land Co., Inc.</u>, 272 Ga. 107, 108, 527 S.E.2d 204, 205 (2000). However, an award of damages for breach of contract may not place the injured party in a better position than it would have occupied had the breach not occurred. <u>Id.</u> at 390-91.

6

The jury in this case heard evidence that Dering suffered damages in an amount greater than $2 million as a result of Defendants' wrongs, including, but not limited to, their continued use of the Andy Lewis/Hobson name and failure to return customer lists and provide accounting services. (Trial Tr. II at 27, 39). The Court concludes that the jury's award of $1,752,621 was well within the "universe of possible awards which are supported by the evidence." Narcisse, 620 F.2d at 547.

### Lanham Act Damages

A plaintiff who proves a Lanham Act violation is entitled to recover the defendant's profits that resulted from the violation. 15 U.S.C. § 1117. The Lanham Act provides that a trademark holder may recover "any damages sustained," including profits on lost sales and all other damages to the trademark owner. Id.; see also Burger King Corp. v. Weaver, 169 F.3d 1310, 1321-22 (11th Cir. 1999) (explaining that lost profits are appropriately included under "any damages sustained" by a plaintiff). The Lanham Act mandates that any monetary award "constitute compensation and not a penalty." 15 U.S.C. § 1117(a). However, "exactness is not required" with regard to this calculation.

AO 72A
(Rev.8/82)

Wesco Mfg., Inc. v. Tropical Attractions of Palm Beach, Inc., 833 F.2d 1484,

1488 (11 th Cir. 1987).

Furthermore, "[i]n assessing profits the plaintiff shall be required to

prove defendant's sales only; defendant must prove all elements of cost or

deduction claimed." 15 U.S.C. § 1117. Therefore in a Lanham Act case, once a

Plaintiff establishes revenues relating to infringement, *the burden is on the*

*infringer* to show what portions of the revenues are not attributable to

infringement. See, e.g., WMS Gaming, Inc. v. WPC Productions, Ltd., 542

F.3d 601, 609 (7th Cir. 2008); Nike Inc. v. Variety Wholesalers, Inc., 274

F.Supp.2d 1352, 1372-73 (S.D. Ga. 2003). See also, Mishawaka Rubber &

Woolen Mfg. Co. v. S.S. Kresge Co., 316 U.S. 203, 206-07 (1942) ("Congress

did not put upon the despoiled the burden-as often as not impossible to

sustain-of showing that but for the defendant's unlawful use of the mark,

particular customers would have purchased the plaintiff's goods."); Jerry's

Famous Deli v. Papanicolaou, 383 F.3d 998, 1005 (9th Cir. 2004) ("Under

established law, once gross profits related to the infringement are established,

[the defendant] has the burden of documenting any legitimate offsets."); Quaker

State Oil Refining Corp. v. Kooltone, Inc., 649 F.2d 94, 95 (2nd Cir. 1981)

8

(holding that jury could find an amount of gross profits related to infringement, based on defendant's corporate officer's testimony and that burden then fell to defendant to show deductions from that amount).

Defendant complains that in performing his calculations, Mr. Houser attributed one-hundred percent of Peachtree Service Experts' increased revenues to Defendants' misconduct and none to their lawful competition. But this argument ignores the legal principle that it is Defendants' burden, not Plaintiff's, to show which profits were gained lawfully and which were gained unlawfully. During trial Mr. Houser opined that Defendants' revenues increased by $3,600,000 annually as a result of Defendants' infringing activities. The burden then shifted to Defendants to show that any portion of the increased revenue resulted from lawful competition. In light of the evidence that both sides presented during the trial, the Court concludes that the jury's award falls squarely within the universe of possible awards supported by the evidence.

Defendants further argue that Plaintiff received duplicative awards under the Lanham Act because Andy Lewis, LLC was awarded its own lost profits and Defendant's wrongful profits. Under the Lanham Act, a Plaintiff is entitled

"to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action."  14 U.S.C. § 1117.  Lanham Act damages include all elements of injury to the business of the trademark owner resulting from the infringer's wrongful acts, including profits on lost sales.  <u>Burger King</u>, 169 F.3d at 1321-22.  <u>See also</u> <u>Hamilton-Brown Shoe Co. v. Wolf Bros. & Co.</u>, 240 U.S. 251, 259 (1916) ("In this country, it is generally held that in a proper case both damages and profits may be awarded."); <u>Aladdin Mfg. Co. v. Mantle Lamp Co. of Am.</u>, 116 F.2d 708, 716 (7th Cir. 1941) (explaining that the Lanham Act "must be taken to include all damages ordinarily recoverable under the facts and circumstances presented"); <u>Merriam-Webster, Inc. v. Random House, Inc.</u>, 815 F. Supp. 691, 701 (S.D.N.Y. 1993) ("[P]laintiff may be awarded both defendant's profits and any damages sustained by the plaintiff."), <u>vacated on other grounds,</u> 35 F.3d 65 (2nd Cir. 1994).

An award of Defendant's wrongfully gained profits in addition to Andy Lewis, LLC's lost profits is particularly appropriate in this case because the jury was *expressly* instructed *not* to award Defendants' profits that were reflected in Andy Lewis, LLC's lost profits.  <u>See, e.g.</u>, <u>Gidatex S.R.L. v. Campaniello Imports, Ltd.</u>, 82 F. Supp. 2d 136, 145 (S.D.N.Y. 2000) (finding that damages

10

awards were not duplicative where the jury had been given an instruction against double recovery). The Court concludes based on the evidence and applicable law that these awards are not duplicative.

Punitive Damages and Specific Intent to Harm

At the conclusion of the trial, the jury determined from the evidence that punitive damages should be awarded in this case and that Defendants had acted with specific intent to harm Plaintiffs. The jury was then instructed to consider the evidence offered during trial in their calculation of punitive damages. They returned a $3,570,000 punitive damages award.

Punitive damages are measured by the "enlightened conscience of an impartial jury." Reheis v. Baxley Creosoting & Osmose Wood Preserving Co., 268 Ga. App. 256, 262, 601 S.E.2d 781, 787 (2004). Determining the amount of punitive damages "is rightfully a jury function" and should only be disturbed if the award is "blatantly egregious." Mercer v. Woodard, 166 Ga. App. 119, 127; 303 S.E.2d 475, 484 (1983). See also Clark v. Beville, 730 F.2d 739, 741 (11th Cir. 1984) (concluding that punitive damages award amount was acceptable because court could not find that it was "unsupported by the record, 'so gross as to be contrary to right reason,' or 'a clear abuse of discretion with

respect to assessment of damages.'""); <u>SCQuARE Intern., Ltd. v. BBDO</u>

<u>Atlanta, Inc.</u>, 455 F. Supp. 2d 1347, 1369 (N.D. Ga. 2006) (holding that even in

cases with little evidence of willful misconduct, "the question of punitive

damages is most appropriately resolved by the factfinder").

Any award of punitive damages above $250,000 requires a finding by the

jury of "specific intent to cause harm." O.C.G.A § 51-12-5.1(f), (g). With

regard to punitive damages, the Court instructed the jury as follows:

> You will also be asked to decide if Defendants acted with
> the specific intent to cause harm to the plaintiff. You will
> not determine the amount of punitive damages at this
> time.

No definition of these terms was given, and no instructions were requested that

contained such. In interpreting and applying Georgia's punitive damages

statute, the Eleventh Circuit has held that it is acceptable for a trial court to

instruct the jury with regard to the Georgia Court of Appeals' definition of the

term "specific intent to cause harm," which reads as follows:

> "[s]pecific intent to cause harm is where the actor desires
> to cause the consequences of his act or where the actor
> believes that the consequences of his act are substantially
> certain to result from [it]."

Action Marine, Inc. v. Contenental Carbon Inc., 481 F.3d 1302, 1313 (11th Cir 2007) (citing Council of Superior Court Judges, Georgia Suggested Pattern Jury Instructions, Vol. I: Civil Cases, § 66.711 (4th ed. 2004)).  Plaintiffs failed to request this instruction.

Plaintiffs argue, however, that Defendants waived their right to argue that this instruction should have been given because Defendants failed to object to the instructions at the time of trial.  But under Georgia law, such a failure to object does not constitute a waiver in this context.  The Georgia Court of Appeals has specifically held that "failure to object to the absence or inadequacy of a specific intent charge or finding does not constitute a waiver of the error for the purpose of appellate review."  Quay v. Heritage Financial, Inc., 274 Ga. App. 358, 361, 617 S.E.2d 618 (2005).  Furthermore, "the claimant for punitive damages bears the burden of meeting the procedural requirements of O.C.G.A. § 51-12-5.1(g)."  Id.  Therefore, it was Plaintiffs' burden to request the jury charge defining "specific intent to harm," and Plaintiffs failed to meet that burden.  For this reason, the Court finds it proper to reduce the punitive damages award in this case to the statutory maximum of $250,000.

AO 72A
(Rev.8/82)

Duplicative Awards

Defendants argue that Plaintiffs' three primary causes of action asserted in these two cases-breach of contract, violation of the Lanham Act, and unfair competition-are duplicative. Defendants argue that all of the violations of trade name infringement are also breaches of contract, making the damages awarded under these three theories duplicative.

However, it is well-settled that where, as here, two plaintiffs bring a suit against one defendant, both can separately recover for their injuries even though the injuries resulted from one action or set of actions. See Complete Auto Transit, Inc. v. Floyd, 214 Ga. 232, 235-36; 104 S.E.2d 208 (1958). When a single wrong causes damages to multiple parties, each party is entitled to a full recovery under the law. Id.

In this case, the separate actions brought by Dering and by Andy Lewis, LLC were consolidated for trial at Defendants' request. The crucial fact that Defendants seem to conveniently ignore is that there are two Plaintiffs here, and two cases, not just one. Thus the cases cited by Defendant involving one Plaintiff with multiple theories of recovery are inapposite here.

AO 72A
(Rev.8/82)

The jury found that Defendants' actions caused separate injuries to Dering and Andy Lewis, LLC. Only Dering was awarded damages for breach of contract, and only Andy Lewis, LLC was awarded damages for Lanham Act violations and unfair competition. Defendants breached their Purchase Agreement with Dering and infringed upon the trademarks owned by Andy Lewis, LLC. Dering could not recover Lanham Act damages because he did not own a trademark; likewise, Andy Lewis, LLC did not enter a contract with Defendants and cannot recover damages from them for any breach of contract. An award to Dering does not compensate Andy Lewis, LLC for its injuries and vice versa. For this reason, the Court concludes that the award for breach of contract and the award for violation of the Lanham Act are not duplicative.

The only awards for which the Court finds Defendants are entitled to relief are the awards against Andy Lewis, LLC's for violation of the Lanham Act and for unfair competition. It is axiomatic that a plaintiff cannot recover more than once for the same loss just because he presents alternative theories to the jury. See Woodhull Corp. v. Sabitha Corp., 234 Ga. App. 707, 712, 507 S.E.2d 493, 498 (1998) (explaining that where there exist two actions, the plaintiff must elect between the causes of action and cannot recover for both).

AO 72A
(Rev.8/82)

Not only are the figures awarded by the jury identical, but these causes of action are also merely federally-based and state-based versions of one another.

In determining whether the two damages awards are coextensive, the key inquiry is whether the awards address the same injury. See Woodhull Corp. v. Saibaba Corp., 507 S.E.2d 493, 497-98 (1998). "Courts test whether two particular awards are duplicative by examining whether the compensation is based on a single, non-reducible wrongful act or whether plaintiff seeks the same type of recovery under each cause of action." Telecom Technical Servs., Inc. v. Siemens Rolm Comms., 2000 WL 35568637 at *3 (N.D. Ga. Jul. 26, 2000) (citing Nintendo of America v. Dragon Pacific Int'l, 40 F.3d 1007, 1010-11 (9th Cir.1994)). "A single, non-reducible act, giving rise to two causes of action weighs in favor of a court finding damages awarded under both legal theories duplicative." Id. Here, the acts leading to the violation of the Lanham Act are inseparable from those giving rise to Andy Lewis, LLC's claim for unfair competition. Thus, the Court concludes that the awards for these two causes of action are duplicative and would constitute a double recovery. For these reasons, Andy Lewis, LLC shall receive only one of these $2.9 million verdicts. To this extent, Defendant's Motion is **GRANTED**.

AO 72A
(Rev.8/82)

## II. Remittitur

"Under the applicable federal standard, this Court must grant a new trial or order remittitur where the award 'exceeds the maximum limit of a reasonable range within which the jury may properly operate.'" Faulkner v. Western Elec. Co., Inc., 98 F.R.D. 282, 284 (N.D. Ga. 1983) (quoting Warren v. Ford Motor Credit Co., 693 F.2d 1373, 1380 (11th Cir. 1982)). If the damages merely exceed the evidence presented, remittitur is the appropriate action for the Court to take. See generally Rodriguez v. Farm Stores Grocery, Inc., 518 F.3d 1259 (11th Cir. 2008) (explaining when remittitur is appropriate).

The Court has discretion to remit the jury's verdict pursuant to federal law. See Gasperini v. Center for Humanities, 518 U.S. 415, 433 (1996) (holding that the trial court may offer verdict winner a remittitur in exchange for denying a motion for new trial). "As a general rule, 'a remittitur order reducing a jury's award to the outer limit of the proof is the appropriate remedy where the jury's damage award exceeds the amount established by the evidence.'" Rodriguez, 518 F.3d at 1266 (citing Goldstein v. Manhattan Indus., Inc., 785 F.2d 1435, 1448 (11th Cir. 1985)). Alternatively, the Court may apply the discretionary powers granted by 15 U.S.C. § 1117(a) to adjust a plaintiff's

17

recovery if it is excessive. <u>See, e.g.</u>, <u>Stuart v. Collins</u>, 489 F. Supp. 827, 831-34 (S.D.N.Y. 1980) (holding that after review of statutory language and legislative history, the judge, not the jury, must adjust damage and profit awards).

First, Defendants suggest that the Court should remit the award of Defendants' profits because they believe that award is duplicative. They argue that in calculating Plaintiffs' losses, Plaintiffs' expert Mr. Houser improperly assumed that every dollar earned by Defendants was one that would have been earned by Plaintiffs, absent Defendants' wrongful conduct. Defendants contend that an award of both Plaintiffs' losses and Defendants' profits would be unjust and result in over-compensation to Plaintiffs.

However, for the same reasons that the Court rejected Defendants' request for a new trial on this issue, the Court rejects this argument in the remitittur context as well. The law is clear that both Plaintiff's lost profits and Defendants' sales are recoverable under the Lanham Act.

Second, Defendants contend that the amount of damages should be remitted to a single award supported by the evidence presented with regard to breach of contract in this case. Defendants point out that the jury separately awarded damages to Plaintiffs under three theories: (i) breach of contract; (ii)

violation of the Lanham Act; and (iii) unfair competition. They argue that the Lanham Act and unfair competition claims are based on the same factual allegation: Defendants' wrongful use of the "Andy Lewis Hobson" trade name. Defendants explain that because this same allegation underlies the breach of contract claim, Plaintiffs were compensated for all of the injuries they suffered by the jury's award of breach of contract damages. Defendants argue that the jury awarded the same or overlapping compensatory damages three times and that all awards other than for breach of contract should be remitted to zero.

However, as explained above, multiple plaintiffs may bring claims against the same defendant(s) for separate recovery in cases like this. For the same reasons as explained above, the Court is not inclined to accept Defendants' argument that damages should be remitted to one single award for breach of contract damages. The award for breach of contract was for Dering, while the awards for violation of the Lanham Act and unfair competition were for Andy Lewis, LLC.

### III. Attorney's Fees and Costs

Plaintiffs have also submitted attorney's fees and expenses to the Court pursuant to O.C.G.A. § 13-6-11 and 15 U.S.C. § 1117(a). The issue of whether

attorney's fees should be awarded based on the other party's bad faith is a question for the factfinder to be determined from consideration of the facts and circumstances in the case. Davis v. Walker, 288 Ga. App. 820, 655 S.E.2d 634 (2007). Plaintiffs note that they are entitled to recover this amount because the jury found that Defendants acted in bad faith, were stubbornly litigious, or caused Plaintiffs unnecessary trouble and expense. O.C.G.A. § 13-6-11. Furthermore, under the Lanham Act, the award of attorney's fees is left to the discretion of the court. 15 U.S.C. § 1117(a) ("[T]he court in exceptional cases may award reasonable attorney's fees to the prevailing party.").

It is well-established that "attorney fees and other expenses of litigation may only be awarded as to claims on which the plaintiff is successful." Monterrey Mexican Restaurant of Wise, Inc. v. Leon, 282 Ga. App. 439, 638 S.E.2d 879 (2006). The plaintiff bears "the burden of proof and [is] required to segregate out the hours that were recoverable from those hours that were not recoverable." Premier Cabinets, Inc. v. Bulat, 261 Ga. App. 578, 582, 583 S.E.2d 235, 238-39 (2003).

Plaintiffs initially claimed that they were entitled to recover reasonable attorney's fees and expenses incurred in this matter in the amount of

$631,513.14.  In response, Defendants raised three objections to Plaintiffs'

claim to attorney's fees.  In their reply, Plaintiffs seek an additional $42,457.50

in attorney's fees and $8,077.43 for expenses that accrued after the end of the

trial.  Thus, Plaintiffs seek a total of $587,710.50 in attorney's fees and

$89,507.50 in expenses.  Plaintiffs concede that their initial calculation should

be reduced by $3,232.50, due to work performed on claims that ultimately

failed.  However two of Defendants' objections remain to be addressed.

First, Defendants contend that Plaintiffs improperly seek all of their fees

and expenses, including those incurred in the defense of Defendant Service

Experts Alliance, LLC's counterclaim.  Defendants are correct in indicating that

"O.C.G.A. § 13-6-11 does not permit the recovery of expenses incurred in

*defending* a lawsuit."  Dennis-Smith v. Freeman, 277 Ga. App. 822, 825, 627

S.E.2d 872, 875 (2006) (emphasis in original).  However, Plaintiffs estimate

that less than 5% of their total billed time was dedicated to defending the

counterclaim, and they claim that no costs incurred are attributable solely to

Defendants' counterclaim.  Plaintiffs' fees will be reduced by 5%, but in

consideration of the overlapping and related subject matters of Plaintiff's suit

21

and the counterclaim, the Court agrees that Plaintiff is entitled to recover all costs incurred in this action.

Second, Defendants contend that Plaintiffs cannot recover any expenses attributable to expert opinions which were stricken. The expenses sought by Plaintiffs include $47,410 in fees paid to Mr. John Houser. However, two of Mr. Houser's four opinions were excluded by the Court. See [Dkt. No. 197]. Defendants urge that because two of the four opinions propounded by Mr. Houser were excluded, a proportionate share of his fees is not recoverable.

However, once bad faith has been established, the only legal restriction on an award under O.C.G.A. § 13-6-11 is that the expenses of litigation be restricted to the extent they are attributable solely to the claims on which they prevailed. Defendants fail to cite any authority whatsoever to the contrary.

Otherwise, Defendants have not challenged the hourly rates or the number of hours charged by Plaintiffs, and the Court finds them to be reasonable. Based on the foregoing, the Court awards Plaintiffs $555,092.00 in attorney's fees and $89,507.50 in expenses.

AO 72A
(Rev.8/82)

## Conclusion

In conclusion, Defendants' Motion for Judgment as a Matter of Law, New Trial, or Remittitur [Dkt. No. 259] in Civil Action No. 06-CV-0357-RWS is hereby **DENIED**, and Defendants' Motion for Judgment as a Matter of Law, New Trial, or Remittitur [Dkt. No. 241] in Civil Action No. 06-CV-358-RWS is hereby **GRANTED in part and DENIED in part**.

The **CLERK** is hereby **DIRECTED** to **ENTER JUDGMENT** in favor of Plaintiff Alexander W. Dering and against Defendants Service Experts Alliance LLC and Service Experts, Inc. in the amount of $1,752,621 for damages for breach of contract; in favor of Plaintiff Andy Lewis Heating & Air Conditioning, LLC and against Defendants Peachtree Service Experts, LLC, Service Experts Alliance, LLC, and Service Experts, Inc. in the amount of $2,900,000 for actual damages pursuant to the Lanham Act and for damages for unfair competition, $1,852,309 for Defendants' profits pursuant to the Lanham Act, and $250,000 for punitive damages.  Judgment shall also be

entered in favor of both Plaintiffs against all Defendants in the amount of $555,092.00 for attorney's fees and $89,507.50 for expenses.[1]

**SO ORDERED**, this  18th  day of June, 2009.

_Richard W. Story_
**RICHARD W. STORY**
United States District Judge

---

[1] The Court notes that attorney's fees and costs are being awarded to both Plaintiffs, jointly. Each Plaintiff is not entitled to a separate award. This judgment is being entered jointly in these two cases, but duplicative recoveries are in no way awarded.

AO 72A
(Rev.8/82)